O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA BRUCE and DONNA STUBBS, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>     v.<br>TELEFLORA, L.L.C.,<br><br>                Defendants. | Case No. 2:13-cv-03279-ODW(CWx)<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION TO FILE EXHIBITS UNDER SEAL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

On October 2, 2013, Plaintiffs filed an Application to File Exhibits Under Seal in Support of Plaintiff's Motion for Class Certification. (ECF No. 43.) Plaintiffs endeavor to seal (1) the declaration of Jordanna G. Thigpen; (2) Plaintiffs' Memorandum of Law in Support of Class Certification; and (3) over twenty exhibits, which consist of printouts from Teleflora's website, rules and regulations governing Teleflora's member florists, a Teleflora floral-selection guide workbook, multiple field-sale executive-summary reports, a message log, and Plaintiffs' expert report. These documents have been designated "Confidential" under the terms of the parties' pending stipulated protective order.

The United States Supreme Court has recognized that it is "clear that the courts of this country recognize a general right to inspect and copy public records and

documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). Similarly, the Ninth Circuit stated that there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In order to override this weighty presumption, a party must demonstrate "sufficiently compelling reasons" for sealing the documents. *Id.* Any request "must articulate compelling reasons supported by specific factual findings" why each individual exhibit merits filing under seal. *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A court will then balance the public's interest in accessing these documents with the confidentiality and potential for misuse of the information. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

The Court has read each page of the documents Plaintiffs seek to file under seal. Upon review, there seems to be an over designation of confidential information.

Exhibit 2 to the Thigpen Declaration contains copies of sample product pages from Teleflora's website. The sample products displayed can be accessed by the public at Teleflora's website and do not reflect trade secrets, personal data, or commercially-sensitive data. Neither party in this case has carried its burden of demonstrating sufficiently compelling reasons for denying the public access to this exhibit. Examination of Exhibit 24, Plaintiffs' expert report, also reveals a complete lack of trade secrets or sensitive data.

Similarly, the Thigpen Declaration itself does not contain any trade secrets or commercially sensitive data. The declaration merely identifies the exhibits requested to be filed under seal—but does not discuss them in substantive detail. Thus the Court finds that neither party has demonstrated a compelling reason for filing the declaration under seal.

Additionally, while Plaintiffs' Memorandum of Law in Support of Class Certification does reference exhibits that the Court finds are properly filed under seal, this alone is not a compelling reason to file the entire brief under seal. Mere

identification of or general reference to the exhibits—without substantive discussion of their confidential content—does not reveal trade secrets or confidential data. For example, page eleven of Plaintiffs' Memorandum of Law in Support of Class Certification references Exhibits 3–5 but does not discuss their substance. There is no compelling reason for this portion of the brief to be filed under seal. In contrast, pages 12–13 quote confidential comments made in the Field Sales Executive Summaries, which is properly filed under seal.

Accordingly, the Court **DENIES** Plaintiffs' application to file under seal. Plaintiffs' application to file Exhibits 3–23 is **DENIED** without prejudice. Plaintiffs may reapply to file these exhibits under seal. The Court **DENIES** Plaintiffs' Application to file Exhibit 2, Exhibit 24, and the Declaration of Jordanna G. Thigpen under seal with prejudice. The Court **DENIES** Plaintiffs' Application to file its Memorandum of Law in Support of Class Certification under seal without prejudice. Plaintiffs may reapply to file their unredacted memorandum under seal, but Plaintiffs must also file a redacted version of the memorandum for public viewing. The redacted version of the memorandum should be edited to omit only the material that the parties believe—in light of this order—are truly confidential.

**IT IS SO ORDERED.**

October 3, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**