

O

# United States District Court
# Central District of California

| | |
|---|---|
| MONICA BRUCE and DONNA STUBBS, <br><br> Plaintiffs, <br><br> v. <br><br> TELEFLORA, LLC, <br><br> Defendant. | Case No. CV13-3279 ODW (CWx) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL [93]** |

## I.   INTRODUCTION

On April 29, 2014, Plaintiffs Monica Bruce and Donna Stubbs moved to dismiss their action with prejudice under Federal Rule of Civil Procedure 41(a)(2), but seek to have Defendant Teleflora, LLC, barred from obtaining prevailing-party costs or attorneys' fees . Teleflora stipulates to the dismissal, but seeks to preserve its right to request prevailing-party costs under Federal Rule of Civil Procedure 54(d). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Voluntary Dismissal with Prejudice with No Conditions Attached. (ECF No. 93.)

## II.   FACTUAL BACKGROUND

On May 8, 2013, Plaintiffs initiated this action, alleging that they purchased and received floral arrangements from Defendant Teleflora that were inferior to the

arrangements ordered, or not delivered on the agreed delivery date. (FAC at 2.) In their Complaint, Plaintiffs' asserted (1) violations of California Consumer Legal Remedies Act, (2) violations of the California Unfair Competition Law, (3) breach of express contract, and (4) breach of express warranty. (ECF No. 18.)

On July 1, 2013, Teleflora moved to strike portions of the First Amended Complaint and to dismiss Plaintiffs' California statutory claims. (ECF No. 25.) The Court dismissed the California statutory claims, but denied Teleflora's motion to strike. (ECF No. 41.) The parties engaged in fact discovery from July to September 2013.

On October 1, 2013, Plaintiffs filed a Motion for Class Certification. (ECF No. 43.) The Court denied the Motion on December 19, 2013. (ECF No. 92.) Plaintiffs have not engaged in any additional discovery since the Court's class-certification denial. (Mot. at 7).

On April 29, 2014, Plaintiffs moved to voluntarily dismiss their action with prejudice, because it was not economical to pursue their individual claims. (Mot. at 8).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) allows the court, at the plaintiff's request, to dismiss an action "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). In resolving a voluntary-dismissal motion under Rule 41(a)(2), the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *See* Fed. R. Civ. P. 41(a)(2); *Williams v. Peralta Cnty. Coll. Dist.,* 227 F.R.D. 538, 539 (N.D. Cal. 2005).

The decision to grant a voluntary dismissal under Rule 41(a)(2) is discretionary. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). But courts "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Id.*

Legal prejudice "does not result merely because a defendant will be inconvenienced by potentially having to defend the action in another forum or because the dispute will remain unresolved. *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011). Rather, legal prejudice refers to prejudice to some legal interest, claim, or argument. *Smith*, 263 F.3d at 976.

## IV.  DISCUSSION

Although Teleflora stipulates to the voluntary dismissal of this action, it maintains that such a dismissal does not obviate their right to prevailing-party costs under Federal Rule of Civil Procedure 54(d). Plaintiffs counter that prevailing-party costs should not be imposed due to the special circumstances of this case.

### A. Prevailing Party Status

The Ninth Circuit has recognized that "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009). Numerous other circuits have held that a dismissal with prejudice renders a defendant the prevailing party.[1]

Here, the parties do not dispute that Teleflora is the prevailing party. Plaintiffs moved to voluntarily dismiss their action with prejudice, which confers prevailing-party status to Teleflora.

### B. Discretionary Factors

The parties' real dispute is whether each party should bear their own costs for this action. Plaintiffs argue that Teleflora should not be entitled to costs as a condition of dismissal because the case involved limited discovery, their breach-of-contract and warranty claims had a realistic chance of success on the merits, and their financial

/ / /

---

[1] *Green Aviation Mgmt. Co. v. F.A.A.*, 676 F.3d 200, 205 (D.C. Cir. 2012); *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006); *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005); *Reich v. Walter W. King Plumbing & Heating Contractor, Inc.*, 98 F.3d 147, 151 (4th Cir. 1996).

1  resources are limited. Teleflora argues that any dismissal should not prejudice
2  Teleflora's right to seek prevailing-party costs pursuant to Rule 54(d).

3  Under Federal Rule of Civil Procedure 54(d)(1), "Unless . . . a court order
4  provides otherwise, costs—other than attorney's fees—should be allowed to the
5  prevailing party. Fed. R. Civ. P. 54(d)(1). Although Rule 54(d) creates a presumption
6  in favor of awarding costs to the prevailing party, it vests in the district court
7  discretion to refuse to award costs. *Nat'l Inf. Servs, Inc. v. TRW, Inc.*, 51 F.3d 1470,
8  1471 (9th Cir. 1995). That discretion, however, is not unlimited; the Court must
9  specify reasons for its refusal to award costs. *Id.*

10  In determining whether prevailing-party costs should be denied, the following
11  factors are considered: (1) the losing party's limited financial resources;
12  (2) misconduct on the part of the prevailing party; (3) the importance and complexity
13  of the issues; and (4) the merit of the plaintiff's case, even if the plaintiff loses. *See*
14  *Save Our Valley*, 335 F.3d at 945; *Assn. of Mex.–Am. Educators v. California*, 231
15  F.3d 572, 592 (9th Cir. 2000). The Court considers each factor in turn.

16  1. *Financial Resources*

17  The Ninth Circuit has held that the losing party's limited financial resources is
18  an appropriate factor in considering the refusal of prevailing-party costs. *See Nat'l*
19  *Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir.1982); *Wrighten v.*
20  *Metro. Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir.1984); *Moore v. Hughes*
21  *Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983). Plaintiffs argue that Teleflora,
22  the "world's largest floral services and product company," is in a better position to
23  absorb their costs than Plaintiffs. (Mot. at 6.) The Court agrees. Teleflora, an
24  international corporation, is in a better financial position to cover their costs than the
25  two individual plaintiffs. Thus, this factor favors Plaintiffs.
26  / / /
27  / / /
28  / / /

2. *Prevailing-Party Misconduct*

The unsuccessful litigant can overcome the presumption of awarding prevailing-party costs and fees by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs. *Nat'l Inf. Servs, Inc.*, 51 F.3d at 1472. Here, Plaintiffs do not assert that Teleflora behaved improperly during this action, nor is there any evidence of misconduct. Thus, this factor favors Teleflora.

3. *Importance and Complexity of the Issues*

Also relevant is the importance and complexity of an issue *Assn. of Mex.-Am. Educators*, 231 F.3d at 592. In *Association of Mexican-American Educators*, minority educators brought a class-action lawsuit against the State of California, alleging that the California Basic Educational Skills Test (CBEST) violated the Civil Rights Act of 1964. *Id.* The Court noted that "the action affect[ed] tens of thousands of Californians and the state's public school system as a whole." The Court affirmed the district court's decision to deny costs where the plaintiffs "brought an action . . . present[ing] issues of the gravest public importance." *Id.*

In this case, the Plaintiffs' breach-of-contract and breach-of-warranty claims do not present a complex or novel issue of law. Additionally, this case does not present issues of such substantial public importance as in *Association of Mexican-American Educators.* Thus, this factor also favors Teleflora.

4. *Merit of the Plaintiffs' Case*

Finally, the merit of the plaintiffs' case as an appropriate factor in considering denial of prevailing party costs. *Assn. of Mexican-American Educators*, 231 F.3d at 592; *see also Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). Teleflora does not argue that Plaintiffs' action was not meritorious, and examination of the record does not indicate that the Plaintiffs' claims were frivolous or vexatious. To the contrary, Plaintiffs' appear to have pursued their claims with a good-faith belief that such claims were valid. This factor thus favors Plaintiffs.

/ / /

On balance, the Court finds that the discretionary factors do not justify abandoning the presumption of Teleflora's right to seek prevailing-party costs. Fed. R. Civ. P. 54(d)(1) ("costs—other than attorneys' fees—should be allowed to the prevailing party."). The requirement that a district court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not "ordinary" and why, in the circumstances, it would be inappropriate or inequitable to award costs. *Assn. of Mexican-American Educators*, 231 F.3d at 593. The Court finds that the circumstances of this action are not so extraordinary that it would be inappropriate to award Teleflora prevailing party costs.

The Court does not opine on Plaintiffs' request to insulate themselves from attorneys' fees. (Mot. at 4.) Indeed, Teleflora has indicated that it will not seek attorney's fees under Rule 41(a)(2). (Opp'n at 2, n. 1.) As Plaintiffs have pointed out, "when a lawsuit is voluntarily dismissed with prejudice under Fed. R. Civ. P. 41(a)(2) (sic), attorneys' fees have almost never been awarded." *Colombrito v. Kelly*, 764 F.2d 122, 133–134 (2d Cir. 1985); *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.1985) ("Fees are not awarded when a plaintiff obtains a dismissal *with prejudice* because the defendant cannot be made to defend again."). There is simply no parallel rule to Rule 41—either in Rule 54 or elsewhere—that creates any presumption of entitlement to attorneys' fees.

### V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Voluntary Dismissal with Prejudice with No Conditions Attached. Plaintiffs' Motion for Voluntary dismissal is **GRANTED**, But Plaintiffs' Motion to impose no condition on that dismissal is **DENIED**. Teleflora, as the prevailing party, is entitled to recover its costs. Because Rule 41(a)(2) provides for a reasonable time within which Plaintiffs can refuse or accept the conditional dismissal, *Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d

/ / /

474, 476 (9th Cir. 1990), Plaintiffs shall have until June 30, 2014 to accept or refuse the conditional dismissal.

**IT IS SO ORDERED.**

June 16, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**