O

# United States District Court
# Central District of California

| | |
|---|---|
| MONICA BRUCE; DONNA STUBBS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TELEFORA, LLC,<br><br>　　　　　Defendant. | Case № 2:13-cv-3279-ODW(CWx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO VACATE OR MODIFY THE CLERK'S TAXATION OF COSTS [108]** |

　　　　This case arises from Plaintiffs' voluntary dismissal of a class action lawsuit. On June 18, 2014, the Court granted Plaintiffs' Motion for Voluntary Dismissal but denied Plaintiffs' request to bar Defendant from obtaining prevailing-party costs. (ECF No. 97.) The Court gave Plaintiffs the option to accept or decline the conditional dismissal, and Plaintiffs accepted. (ECF Nos. 97–98.) On July 18, 2014, the Court dismissed the action with prejudice. (ECF No. 101.) On August 4, 2014, Defendant filed a Corrected Notice of Application to the Clerk to Tax Costs seeking $8,463.62. (ECF No. 104.) Ultimately, the Clerk authorized $7,231.12. (ECF Nos. 105–107.) Plaintiffs now request the Court review the Clerk's decision and vacate or substantially reduce the amount imposed. For the reasons discussed below, the Court **DENIES** Plaintiffs' Motion.[1] (ECF No. 108.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

On May 8, 2013, Plaintiffs Monica Bruce and Donna Stubbs, on behalf of all others similarly situated, initiated the instant action and alleged that they purchased and received floral arrangements from Defendant Teleflora that were either inferior to the arrangements ordered or delivered after the agreed-upon delivery date. (FAC ¶ 2.) Plaintiffs' asserted: (1) violations of California Consumer Legal Remedies Act; (2) violations of the California Unfair Competition Law; (3) Breach of Express Contract; and (4) Breach of Express Warranty. (ECF No. 18.)

On July 1, 2013, Defendant moved to strike portions of the First Amended Complaint and dismiss Plaintiffs' California statutory claims. (ECF No. 25.) The Court denied Defendant's Motion to Strike but dismissed the California statutory claims. (ECF No. 41.)

On October 1, 2013, Plaintiffs filed a Motion for Class Certification. (ECF No. 43.) On December 19, 2013, the Court denied the Motion. (ECF No. 92.) On April 29, 2014, Plaintiffs moved to voluntarily dismiss with prejudice because it was not economical to pursue their claims individually. (ECF No. 93.) Plaintiffs also requested the Court bar Defendant from obtaining prevailing-party costs or attorneys' fees. (*Id.*) Plaintiffs argued that Defendant should not be entitled to costs as a condition of dismissal because the case involved limited discovery, the breach of contract and breach of warranty claims had a realistic chance of success on the merits, and their financial resources were limited. (*Id.*) Defendant contended that dismissal did not obviate its right to prevailing-party costs under Federal Rule of Civil Procedure 54(d).[2] (ECF No. 94.)

The Court concluded that "the discretionary factors [did] not justify abandoning the presumption of Telefora's right to seek prevailing-party costs," and the

---

[2] The Court considered Rule 54(d) and the factors courts should consider when determining whether prevailing-party costs should be denied: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) the importance and complexity of the issues; and (4) the merit of the plaintiff's case, even if the plaintiff loses. *See Save Our Valley v. Sound Transit,* 335 F.3d 932, 945 (9th Cir. 2003); *Assn. of Mex.–Am. Educators v. California,* 231 F.3d 572, 592 (9th Cir. 2000).

"circumstances of this action [were] not so extraordinary that it would be inappropriate to award Telefora party costs." (ECF No. 97.) The Court gave Plaintiffs two weeks to accept or decline the conditional dismissal, and Plaintiffs accepted. (ECF Nos. 97–98.) On July 18, 2014, the Court dismissed the action with prejudice. (ECF No. 101.)

On August 4, 2014, Defendant filed a Corrected Notice of Application to the Clerk to Tax Costs seeking $8,463.62. (ECF No. 104.) Plaintiffs objected and Defendant responded. (ECF Nos. 105–106.) The Clerk allowed $7,231.12. (ECF No. 107.)

Plaintiffs now request the Court review the Clerk's decision and vacate or substantially reduce the amount imposed. (ECF No. 108.) As Defendant correctly argues, after the Court found that Defendant is entitled to recover its costs:

> [A]ll that remained to be determined by the Clerk is what specific costs Teleflora would be awarded, and not whether Teleflora is entitled to costs as a prevailing party based upon the various equitable factors that a Court may consider and indeed, which this Court already considered in its June 16, 2014 Order on Plaintiffs' Motion for Voluntary Dismissal. In balancing the various factors, including one party's financial ability to absorb costs better than another and whether or not the underlying claim was meritorious, the Court found that Teleflora was nevertheless entitled to its costs. Plaintiffs' rehashing of these same exact arguments, which the Court has already rejected, is therefore improper and should be disregarded.

(Opp'n 2.)

The Court finds that the instant Motion largely asserts the same arguments the Court evaluated and rejected in its June 16, 2014 Order—that is, the Court should bar Defendant from obtaining prevailing-party costs because ordering Plaintiffs to pay such costs would be unjust and inequitable. Additionally, the Court finds Plaintiffs' objections to Defendants' specific costs meritless. Plaintiffs' arguments are conclusory and provide no supporting argument that Defendant's costs are "impermissible" or "unnecessary."

Therefore, the Court **DENIES** Plaintiffs' Motion to Vacate or Modify the Clerk's Taxation of Costs. (ECF No. 108.)

**IT IS SO ORDERED.**

March 17, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**